[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

No. 08-11096
Non-Argument Calendar
_____

Agency No. A95-467-733

JIAN YING WENG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 6, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Jian Ying Weng, a native and citizen of China proceeding through counsel, seeks review of the decision by the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings. On appeal, she contends

that she submitted new evidence of changed country conditions and that the BIA abused its discretion in denying her motion to reopen.[1]  After careful review, we affirm.

We review the denial of a motion to reopen for an abuse of discretion.  Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999).  After the BIA has affirmed an IJ's order of removal, the alien may move to have the BIA, in its discretion, reopen the removal proceedings for the submission of new evidence.  See 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(1).  A motion to reopen proceedings shall not be granted unless it appears to the BIA that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.  8 C.F.R. § 1003.2(c)(1).

"[A] party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened . . . ."  8 C.F.R. § 1003.2(c)(2).  One exception to this deadline is for material evidence of changed country conditions which "was not available and

---

[1] As the government correctly notes, we lack jurisdiction over Weng's claims stemming from the BIA's original denial of relief because Weng failed to timely appeal from that order.  Cf. 8 U.S.C. §§ 1252(a)(1), 1252(b)(1); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).  We therefore lack jurisdiction to review the immigration judge's ("IJ's") adverse credibility determination and order denying asylum, withholding of removal, and CAT relief, and the BIA's initial order dismissing Weng's appeal from the IJ's order.  Thus, the only issue on appeal is whether the BIA abused its discretion by denying Weng's motion to reopen.

could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that satisfies the BIA that, if proceedings were reopened, the new evidence would likely change the result in the case. Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006). Nonetheless, "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (internal quotation marks omitted).

Here, the BIA did not abuse its discretion in denying Weng's motion to reopen. To the extent she argues that her two American-born children constitute changed circumstances, both children were born before the removal hearing and, therefore, they are not a basis for reopening for two reasons. First, the births are changed personal circumstances, not changed circumstances in the country of nationality. Cf. 8 C.F.R. § 1003.2(c)(3)(ii). Second, the evidence was available and was presented by Weng in support of her asylum application and rejected by the BIA in 2005.

3

With respect to the other evidence, i.e., the 2006 Country Report, that was not a basis alone for granting relief. Because Weng was found not credible in her original asylum proceeding with respect to her testimony of past persecution based on a forced abortion and attempts to escape China's birth control policy, her situation is factually and legally distinguishable from other cases, including Li v. U.S. Att'y Gen., 488 F.3d 1371, 1372 (11th Cir. 2007). Unlike the affidavits submitted in Li, the affidavit and letter submitted by Weng do not discuss an increase in birth-control related persecution in Fujian Province, see Li, 488 F.3d at 1373, and the 2006 Country Report suggests that country conditions have not deteriorated in Fujian, but that China has "continued its coercive birth limitation policy." Accordingly, the evidence presented by Weng does not establish a material change in country conditions in China.

Finally, to the extent Weng argues that the BIA's order denying her motion to reopen was inadequate, the BIA "has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Osuchukwu v. I.N.S., 744 F.2d 1136, 1142-43 (5th Cir. 1984). The BIA did that here.

**PETITION DISMISSED IN PART AND DENIED IN PART.**